UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OCELOT RESOURCE HOLDINGS,
LLC,

      Plaintiff,

v.                                   Case No. 8:25-cv-692-CEH-NHA

WESTJIC, LLC, and
HALTON PETERS,

      Defendants.
_____/

**ORDER**

Plaintiff Ocelot Resource Holdings, LLC moves for a fourth extension of the deadline to serve Defendants Halton Peters ("Peters") and WestJIC, LLC ("WestJIC"). Doc. 28. Finding good cause, I grant the motion.

**I.  Background**

Plaintiff brings this action against Peters, WestJIC, and HF Solar I, LLC ("HF Solar"), seeking a declaration of its rights under HF Solar's LLC agreement, and an award of damages for alleged breaches of fiduciary duties by Peters and WestJIC. As described in the Court's last order, Plaintiff has encountered significant obstacles to serving Defendants, despite Plaintiff's diligent efforts to do so. Doc. 22; *see also* Doc. 20 (finding that Plaintiff had been diligent in attempting to serve Defendants).

Summonses were issued for all defendants on April 24, 2025. Doc. 16. The Court subsequently extended the service deadline twice at Plaintiff's request. Docs. 18, 20. The deadline was extended a third time, to November 29, when the Court denied Plaintiff's motion to serve Defendants by publication but nonetheless found good cause for an extension. Doc. 22.

On November 17, Plaintiff submitted amended proposed summonses for all Defendants, proposing to serve HF Solar via a newly-discovered representative of the business (Doc. 25; *see* Doc. 28 ¶ 3 ("Ocelot found the Florida residence of another named representative identified in the most recent annual report of Nominal Defendant HF Solar. . .")), and proposing to serve Peters and WestJIC "care of Secretary of State" of Florida. Docs. 23, 24. Those summonses were issued on November 19. Doc. 26. Plaintiff subsequently filed a return of service executed on HF Solar on November 21 (Doc. 27), but Peters and WestJIC remain unserved. On November 29, when service for all Defendants was due, Plaintiff filed the present motion. Doc. 28.

In this motion, Plaintiff seeks a fourth extension of the service deadline to December 31. *Id.*, p. 1. Citing Florida Statutes §§ 48.161 and 48.181, Plaintiff argues that it is entitled to serve WestJIC and Peters via the Secretary of State because WestJIC conducted business in Florida as an unregistered foreign entity, and because Peters conducted business in Florida (which gave rise to this action) and subsequently left the state and concealed

2

his whereabouts from Plaintiff. *Id.* ¶¶ 5-6. Because perfecting service of process under these statutes requires Plaintiff to file an explanatory affidavit *after* serving the Secretary of State (*id.* ¶ 9; Fla. Stat. § 48.161(3)) Plaintiff does not seek advance approval from the Court for this method. Instead, Plaintiff seeks an extension of time to perfect service on Peters and WestJIC, noting that it submitted process for both Defendants to the Secretary on November 19 and is awaiting the Secretary's acceptance of that submission. Doc. 28 ¶¶ 8-9.

## II.  Legal Authority

Under Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve all defendants within 90 days of filing the complaint. However, the court "must extend" this deadline "if the plaintiff shows good cause for the failure" to serve defendants within 90 days. FED. R. CIV. P. 4(m). In the Rule 4(m) context, the "good cause" standard "requires the existence of some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (quotation omitted). Further, "even when a plaintiff cannot demonstrate good cause, the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case," including whether the defendant may be evading service. *Id.*

3

A plaintiff in federal court may serve either an individual or a corporation by "following state law . . . in the state where the district is located or where service is made." FED. R. CIV. P. 4(e)(1); FED. R. CIV. P. 4(h)(1)(A).

Florida law, in turn, allows plaintiffs to serve certain defendants via the Secretary of State:

> Any individual or foreign business entity that conceals its whereabouts is deemed to have appointed the Secretary of State as its agent on whom all process may be served, in any action or proceeding against such individual or foreign business entity, arising out of any transaction or operation connected with or incidental to any business or business venture carried on in this state by such individual or foreign business entity.

Fla. Stat. § 48.181(4). Additionally, "any foreign business" which has accepted "the privilege extended by law to nonresidents to . . . carry on a business or business venture in this state" is also deemed to have appointed the Secretary of State as its process agent in regard to any action "connected with or incidental to the business or business venture." Fla. Stat. § 48.181(2).

Section 48.181 specifies that, when a defendant meets one of the criteria in that section, the Plaintiff still must complete the specific steps outlined in Florida Statute § 48.161 for service via the Secretary of State to be lawful. Fla. Stat. § 48.181(4). Section 48.161 imposes several additional requirements on a plaintiff effectuating process pursuant to § 48.181, including (but not limited to) filing an "affidavit of compliance" after serving the Secretary which attests to the plaintiff's due diligence in attempting to personally serve the defendant

4

and, when applicable, to the defendant's nonresidence and/or concealment. *See* Fla. Stat. § 48.161(3)-(5).

### III. Discussion

At this stage, the Court does not have enough information to evaluate whether serving the Secretary of State as Peters' and WestJIC's agent may be lawful in this case, as Plaintiff has not completed the steps required by § 48.161. Nor could it have: Plaintiff asserts that it submitted the summonses to the Secretary on November 19 and has been waiting to complete the process since then. Doc. 28 ¶¶ 8-9.

Nonetheless, in order to grant Plaintiff's requested relief, the Court must either find good cause for the continued delays in service, or find that the circumstances of the case otherwise justify an extension of the deadline. *Bilal*, 981 F.3d at 919. While the Court has found good cause for past extensions, Plaintiff now seeks a fourth extension in a case that has been pending for over eight months with no defendant appearing.

In this instance, I find good cause for a fourth extension of the deadline because it is likely that Defendant will be able to lawfully serve Peters and WestJIC via the Secretary of State, with the benefit of an extension. Without expressing any opinion on the sufficiency of any service of process which Plaintiff has not yet completed, to Court notes that Plaintiff's amended complaint specifically alleges that the business-related acts and omissions

5

which give rise to its claims occurred in Florida, plausibly satisfying one requirement of § 48.181. *See* Doc. 8 ¶ 11. Further, while the amended complaint does not allege that WestJIC is a "foreign business," Plaintiff's instant motion does assert that it is an Illinois-based foreign entity. Doc. 28 ¶ 5. Finally, the Court's prior findings of Plaintiff's diligence and Plaintiff's allegations in prior filings that Peters has eluded service both suggest that Plaintiff is likely to be able to establish the required factors in its § 48.161(3) "affidavit of compliance."

Ultimately, the Court cannot conclude that this method of service will be authorized under the circumstances. But because an initial review of the applicability of the law to the circumstances suggests that service via the Secretary of State is plausibly lawful in this case, and because Plaintiff has continued to demonstrate diligence in attempting to serve both elusive defendants, a fourth extension of the service deadline is justified.

Thus, Plaintiff's Motion for Extension of the Deadline to Serve Defendants WestJIC and Peters is GRANTED. Plaintiff must serve all defendants no later than December 31, 2025.

ORDERED on December 2, 2025.

_____
NATALIE HIRT ADAMS
United States Magistrate Judge