**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

OCELOT RESOURCE HOLDINGS, LLC,

Plaintiff,

v. Case No. 8:25-CV-692-CEH-NHA

WESTJIC, LLC, ET AL.,

Defendants.

---

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

## 1. Date and Attendees

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 1/23/2026. John L. Dicks and Keenan Molaskey attended on behalf of Plaintiff; Yusef Al-Jarani, Eric Rosen, and Constantine Economides attended on behalf of Defendants.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 2/12/2026 |

| | |
|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 2/27/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). Plaintiff | 10/2/2026 |
| Defendant | 10/16/2026 |
| Rebuttal | 10/30/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 12/11/2026 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 1/29/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>The parties will confer regarding the selection of a mediator. | 3/1/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 5/10/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 5/17/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 5/24/2027 |
| Month and year of the trial term. | 6/7/2027 |

The trial will last approximately three days and be

☒ jury.

☐ non-jury.

## 3. Description of the Action

Plaintiff Ocelot Resource Holdings, LLC ("Ocelot") filed suit against WestJIC, LLC ("WestJIC") and Halton Peters, seeking a declaratory judgment and alleging breach of contract and breaches of fiduciary duty arising out of Defendants'

management of nominal party HF Solar 1, LLC ("HF Solar"), of which Ocelot and WestJIC are alleged to be or have been the sole members.

Ocelot alleges that it remains a member of HF Solar and that Defendants have not respected Ocelot's membership interest (or concomitant interest in HF Solar's substantial tax losses) since the 2021 tax year. As a result, Plaintiff alleges that Defendants have precluded Ocelot from recognizing HF Solar's pass-through tax losses, substantially increasing Ocelot's pass-through tax liability each year. Additionally, Plaintiff alleges that Defendants have refused to produce HF Solar's records, to which Ocelot believes it is entitled as a member.

Defendants maintain that Ocelot does not hold a current membership interest in HF Solar and dispute Plaintiff's characterization of the governing agreements and subsequent transactions. Defendants further contend that HF Solar's financial reporting and tax filings have been prepared in accordance with applicable agreements, accounting standards, and professional advice, and that Plaintiff is not entitled to the tax attributes or relief it seeks. Defendants also dispute that Plaintiff has suffered cognizable damages or that any records have been improperly withheld.

The parties do not believe this action is particularly complex. The primary dispute is whether Ocelot remains a member of HF Solar.

**4. Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

| |
|---|
| The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2). |

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7. Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

| |
|---|
| The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District. |

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Plaintiff believes discovery may be needed on these subjects:

- Ocelot's membership interest with respect to HF Solar.



85142696;1

- HF Solar's financial performance and reporting.
- HF Solar's tax filings and Defendants' conduct with respect to such filings.
- Defendants' financial records and reporting, including tax filings.
- Defendants' management of HF Solar and consideration of Ocelot's membership interest.
- The current state of the solar project.
- Communications among WestJIC, Mr. Peters, and HF Solar regarding Ocelot's alleged membership status, participation rights, or exclusion from HF Solar.
- Any other subject relevant to Ocelot's claims and/or any affirmative defenses asserted by Defendants.

Defendants believe discovery may be needed on these subjects:

- The governing agreements for HF Solar, including the LLC Agreement and any amendments, and the interpretation of those agreements.
- The transactions and documents bearing on Ocelot's claimed membership interest in HF Solar, including the Hardee Fresh sale and related agreements.
- HF Solar's financial statements, accounting records, and tax filings relevant to the declaratory-relief and breach-of-contract claims.
- The issuance or non-issuance of K-1s by HF Solar, to the extent relevant to Plaintiff's declaratory-relief and breach-of-contract claims.
- The existence and scope of any damages Plaintiff contends it suffered as a result of the alleged breach of contract.
- If Plaintiff's fiduciary-duty and aiding-and-abetting claims survive Defendants' pending motion to dismiss, discovery may additionally be needed on matters relevant solely to those claims, including issues of intent, good faith, loyalty, or alleged self-dealing, as addressed in Phase 2 discovery.
- Any other subject relevant to Ocelot's claims and/or any affirmative defenses asserted by Defendants.

C. Discovery should be conducted in phases:

☐ No.
☐ Yes
☒ Disputed. Plaintiff believes that phased discovery is unnecessary; but the Defendants reserve their right to file a motion to stay discovery pending adjudication of the motion to dismiss.

If Plaintiff's fiduciary-duty and aiding-and-abetting claims survive Defendants' pending motion to dismiss, Phase 2 discovery would include the following categories relevant solely to intent, good faith, loyalty, or alleged self-dealing, and not to the interpretation or performance of the governing agreements:

- Factual communications with accountants or tax advisors concerning ownership of HF Solar or allocation of tax attributes, to the extent not privileged.
- Documents reflecting any alleged personal financial benefit to Mr. Peters arising from HF Solar's tax allocations or operations.
- Documents and communications concerning decisions to withhold, delay, or decline to issue K-1s or other tax information to Ocelot.
- Documents and communications reflecting Defendants' consideration of objections, disputes, or complaints raised by Ocelot regarding HF Solar.

Defendants believe the following category of documents should also be limited to Phase 2 discovery, to the extent the communications are relevant solely to Plaintiff's fiduciary-duty and aiding-and-abetting claims, and not to Plaintiff's declaratory-relief and breach-of-contract claims:

- Communications among WestJIC, Mr. Peters, and HF Solar regarding Ocelot's alleged membership status, participation rights, or exclusion from HF Solar.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure

to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: The parties will confer regarding a mutually agreeable procedure for asserting claims of privilege or protection. The parties do not anticipate asking the Court to include any such agreement in an order.

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

[*SIGNATURES ON FOLLOWING PAGE*]

**12. Signatures**

*/s/ John L. Dicks II*
**John L. Dicks II, Esq., Lead Counsel**
Florida Bar No. 89012
john.dicks@akerman.com
judy.mcarthur@akerman.com
**Keenan Molaskey, Esq.**
Florida Bar No. 1031827
keenan.molaskey@akerman.com
caren.deruiter@akerman.com
Akerman LLP
401 E. Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

**Andrew P. Gold, Esq.**
Florida Bar No. 612367
andrew.gold@akerman.com
jill.parnes@akerman.com
Akerman LLP
201 E. Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

*Counsel for Plaintiff, Ocelot Resource Holdings, LLC*

*/s/ Yusef Al-Jarani*
Constantine P. Economides
Eric S. Rosen (*pro hac vice*)
Yusef Al-Jarani (*pro hac vice*)
DYNAMIS LLP
1111 Brickell Avenue, 10th Floor
Miami, Florida 33131
t: (305) 985-2959
ceconomides@dynamisllp.com
erosen@dynamisllp.com
yaljarani@dynamisllp.com

*Counsel for Defendants Halton Peters and WestJIC, LLC, and Nominal Defendant HF Solar I, LLC*