**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

OCELOT RESOURCE HOLDINGS, LLC,

Plaintiff,

v. Case No.: 8:25-cv-00692-CEH-NHA

WESTJIC, LLC, HALTON PETERS, and HF SOLAR I, LLC,

Defendants,
___________________________________/

# ORDER

This matter comes before the Court on Defendants' Motion to Dismiss Amended Complaint in Part. Doc. 42. In the motion, Defendant Halton Peters ("Mr. Peters"), Defendant WestJIC, LLC ("WestJIC"), and Nominal Defendant HF Solar I, LLC ("HF Solar") request this Court to dismiss Count III and Count IV of the Amended Complaint. First, the Defendants argue that Count III, breach of fiduciary duty against WestJIC, should be dismissed because it is based on the same facts as Count II, breach of contract against WestJIC. Doc. 42. Second, the Defendants maintain that Count IV, aiding and abetting breach of fiduciary duty against Mr. Peters, fails as a matter of law because Plaintiff has not pled any facts sufficient to pierce WestJIC's corporate veil. Defendants also posit that Mr. Peters, as the sole member of WestJIC, cannot aid and abet himself. *Id.*

The Court, having considered the motion and being fully advised in the premises, will deny Defendants' Motion to Dismiss Amended Complaint in Part.

## I. BACKGROUND[1]

Plaintiff Ocelot Resources Holdings, LLC ("Plaintiff" or "Ocelot") and WestJIC have been partners in several business ventures in central Florida. Doc. 8 ¶ 12. They created and owned Hardee Fresh, LLC ("Hardee Fresh"), which operated a hydroponics farm in Lutz, Florida. Doc. 8 ¶ 13. On December 18, 2019, the parties executed a Limited Liability Company Agreement ("LLC Agreement") that created HF Solar, which owned and operated a solar farm that sold electricity to Hardee Fresh. *Id.* ¶¶ 14-15.

The LLC Agreement provides that WestJIC is the managing member of HF Solar, and Ocelot is a member of HF Solar. *Id.* ¶ 16. Initially, WestJIC held a 60% interest in HF Solar's profits and losses while Ocelot held a 40% interest. *Id.* Hardee Fresh has no interest in HF Solar. *Id.* ¶ 16. Each member must consent in writing to any assignment of a member's interest in whole or in part, the addition of any new member, or any other amendment to the LLC Agreement. *Id.* ¶ 18.

On October 1, 2020, Ocelot and WestJIC executed an amendment to the LLC Agreement that modified HF Solar's membership rights, such that Ocelot now holds a 60% interest in HF Solar's profits and losses, and WestJIC holds a 40% interest. *Id.* ¶¶ 21-22.

---

[1] Unless otherwise stated, the following statement of facts is derived from the Amended Complaint for Declaratory Relief, Damages, and Injunctive Relief (Doc. 8), the allegations of which the Court must accept as true in ruling on the instant Motion to Dismiss. *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

Mr. Peters is not a party to the LLC Agreement or the Amendment. *See* Doc. 8 ¶ 15; Doc. 8-2.

In April 2022, Ocelot sold its membership interest in Hardee Fresh (the "Hardee Fresh Sale"). *Id.* ¶ 23. The Hardee Fresh Sale did not affect the membership interest in HF Solar. *Id.* ¶ 24.

In August 2023, counsel for WestJIC proposed to Ocelot that in exchange for Ocelot transferring its membership interest in HF Solar to Hardee Fresh as part of the Hardee Fresh Sale, Ocelot's members would be released from their personal guaranties of HF Solar's loan. *Id.* ¶ 25. Ocelot rejected the offer. *Id.* ¶ 26.

Nevertheless, WestJIC and Mr. Peters acted as if Ocelot's membership interest in HF Solar terminated after the Hardee Fresh Sale. *Id.* ¶ 27. For instance, WestJIC and Mr. Peters stopped delivering to Ocelot any of HF Solar's tax documents and refused to amend any tax documents that inaccurately omit Ocelot's membership. *Id.* ¶¶ 23,33. Also, after initially filing the 2022 annual report for HF Solar that accurately listed Ocelot as a member and one of Ocelot's members as an authorized person of HF Solar, Mr. Peters filed an amended annual report that removed any mention of Ocelot or its members. *Id.* ¶ 32. Moreover, in 2024, Ocelot's counsel asked WestJIC and Mr. Peters for records and to confirm the identity and participation rights of HF Solar's members. *Id.* ¶ 33. However, WestJIC and Mr. Peters continued to claim that Ocelot is no longer a member of HF Solar. *Id.* As a result of the foregoing conduct by WestJIC, only WestJIC and Mr. Peters have benefited from HF Solar's tax credits for business losses, at the expense of Ocelot. *Id.* ¶ 31.

Pursuant to the LLC Agreement and the Amendment, WestJIC—as the managing member of HF Solar—is obligated to obtain unanimous consent of HF Solar's members. *Id.* ¶¶ 17,48. As evidenced by the Amendment to the LLC Agreement, all members of HF Solar agreed that Ocelot is entitled to 60% participation rights with respect to HF Solar's net profits or losses each year. *Id*. ¶ 49. However, by directing 100% of HF Solar's net losses to itself and Mr. Peters, WestJIC prevented Ocelot from partaking in its share of membership participation rights in HF Solar, and, therefore, WestJIC breached the LLC Agreement and the Amendment. *Id.* ¶ 50.

Pursuant to Florida Statute § 605.04091, WestJIC owes a fiduciary duty to Ocelot. *Id.* ¶ 56. Namely, WestJIC's statutory duties include the duty of care, loyalty, and good faith and fair dealing. *Id.* ¶ 57. WestJIC breached its statutorily-imposed duties by wrongfully asserting that Ocelot has no interest in HF Solar, by precluding Ocelot from exercising its membership and participation interests in HF Solar, and by funneling Ocelot's participation rights to itself and its sole member—Mr. Peters. *Id.* ¶ 58.

As HF Solar's authorized representative, Mr. Peters is responsible for, *inter alia*, filing annual reports with the state of Florida and delivering annual tax documents to HF Solar's members. *Id.* ¶ 67.

Further, Mr. Peters is WestJIC's sole and managing member, acts as WestJIC's agent, and is responsible for fulfilling WestJIC's fiduciary duties to Ocelot. *Id.* ¶ 66. Therefore, Mr. Peters knew of WestJIC's conduct, since Mr. Peters, himself, effected that conduct. *Id.* ¶ 68. Specifically, Mr. Peters knew that WestJIC wrongfully asserted

that Ocelot has no interest in HF Solar, precluded Ocelot from exercising its membership and participation interests in HF Solar, and funneled Ocelot's membership interests to itself and to Mr. Peters. *Id.*

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, mere naked assertions are not sufficient. *Id*. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id*. The scope of review must be limited to the "four corners of the complaint" and attached exhibits. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## III. DISCUSSION

In the Amended Complaint, Plaintiff Ocelot sues Defendants WestJIC, Mr. Peters, and Nominal Defendant HF Solar for declaratory relief (Count I), breach of

contract (Count II), breach of fiduciary duty (Count III), and aiding and abetting breach of fiduciary (Count IV). Doc. 8. The Defendants move for an order dismissing Count III and Count IV. Doc. 42. The Defendants argue that the breach of fiduciary duty claim (Count III) should be dismissed because it is impermissibly duplicative of the breach of contract claim (Count II). *Id.* The Defendants maintain that Count IV, aiding and abetting breach of fiduciary duty, should be dismissed because Plaintiff cannot allege sufficient facts to pierce WestJIC's corporate veil to sue Mr. Peters, and Mr. Peters—as the sole member of WestJIC, LLC—cannot aid and abet himself. *Id.*

Regarding Count III, Ocelot responds that breach of fiduciary duty is an independent tort claim that is distinct from a breach of contract cause of action. Doc. 49. Ocelot also asserts that even if the breach of fiduciary duty count is barred by the breach of contract count, it is permitted to plead breach of fiduciary as an alternative theory to the breach of contract claim. *Id.* Regarding Count IV, Ocelot maintains that Mr. Peters cannot invoke the independent tort doctrine, the ability to pierce the corporate veil is irrelevant, and the intracorporate conspiracy doctrine is inapplicable here. *Id.*

The Court will now address, in turn, each count that the Defendants challenge.

**<u>Count III – Breach of Fiduciary Duty</u>**

Defendants posit that the breach of fiduciary duty claim (Count III) is identical to the breach of contract claim (Count II), in violation of the independent tort doctrine. Doc. 42. Ocelot responds that the breach of fiduciary duty claim is an independent tort because the law imposes on WestJIC fiduciary duties to Ocelot, and Ocelot has a right

to sue WestJIC if WestJIC fails at those duties, even if WestJIC[2] also breached the LLC Agreement. Doc. 49. Further, Ocelot argues that even if the independent tort doctrine bars recovery under both Counts II and III, it is permitted to assert both breach of contract and breach of fiduciary duty as alternative theories of liability. *Id.* at 11-12.

1) The Independent Tort Doctrine

Pursuant to Florida law, parties to a contract can seek tort damages only if the contested conduct establishes a tort that is independent from the conduct that establishes the breach of contract claim. *Royal Surplus Ins. Co. v. Coachman Indus., Inc.,* 184 F. App'x 894, 902 (11th Cir. 2006); *Nguyen v. Raymond James & Assocs., Inc.,* No. 8:20-CV-195-CEH-AAS, 2021 WL 6091094, at *7 (M.D. Fla. Dec. 23, 2021); *Island Travel & Tours, Co. v. MYR Indep., Inc.*, 300 So. 3d 1236, 1239 (Fla. 3rd DCA 2020). This rule is based upon the doctrine that contract principles are more appropriate than tort principles for resolving economic loss claims that are not accompanied by physical injury or property damage. *Florida Power & Light Co. v. Westinghouse Elec. Corp.*, 510 So.2d 899, 901 (Fla.1987). Therefore, a plaintiff who brings both a breach of contract and a tort claim must allege, in addition to the breach of contract, some other conduct amounting to an independent tort. *Lamm v. State St. Bank & Tr.*, 749 F.3d 938, 947

[2] In its Response to Defendants' Motion to Dismiss, Ocelot states, "…Ocelot may sue for breach of those independent duties even if ***Ocelot*** also breached the LLCA." Doc. 49 at 6-7 (emphasis added). The Court understands the emphasized mention of "Ocelot" to be a typographical error and construes the statement as, "…Ocelot may sue for breach of those independent duties even if ***WestJIC*** also breached the LLCA."

(11th Cir. 2014) (quoting *U.S. Fire Ins. Co. v. ADT Sec. Servs., Inc.*, 134 So.3d 477, 480 (Fla. 2d DCA 2013)).

In the instant case, Ocelot asserts breach of contract by alleging that—contrary to the LLC Agreement and Amendment—WestJIC precluded Ocelot from exercising its membership rights in HF Solar, and, instead, WestJIC directed 100% of HF Solar's net losses to itself and Mr. Peters. Doc. 8 ¶¶ 49-50. By comparison, Ocelot asserts breach of fiduciary duty by alleging that—contrary to the duties imposed on WestJIC by Florida Statute § 605.04091—WestJIC hijacked Ocelot's membership in HF Solar by asserting that Ocelot has no interest in HF Solar, precluding Ocelot from exercising its membership interests in HF Solar, and funneling Ocelot's membership rights to itself and Mr. Peters. *Id.* ¶¶ 56-58. In short, the breach of contract claim is based on WestJIC violating a duty imposed by the LLC Agreement and Amendment. The breach of fiduciary duty claim is based on WestJIC's violation of Florida Statute § 605.04091.

Although the Amended Complaint alleges that WestJIC breached the LLC Agreement and Amendment by usurping Ocelot's membership rights, it also specifies that WestJIC breached duties imposed by Florida Statute § 605.04091: a duty of care, a duty of loyalty, and a duty of good faith and fair dealing. *Id.* ¶ 57. Therefore, because the Amended Complaint alleges a breach of duties that are independent of the duty outlined in the LLC Agreement and Amendment, it aptly alleges a distinguishable cause of action that is distinct from Plaintiff's standalone breach of contract claim. Ocelot's breach of fiduciary duty claim (Count III) is not barred by the breach of

contract cause of action (Count II). *See Simmons v. USI Ins. Servs., LLC*, No. 8:23-CV-201-TPB-AAS, 2024 WL 946287, at *3 (M.D. Fla. Mar. 5, 2024), supplemented, No. 8:23-CV-201-TPB-AAS, 2024 WL 3046252 (M.D. Fla. June 18, 2024) ( using Florida law to conclude: "An 'independent tort,' therefore, is one based on breach of a duty that exists independently of the parties' contract. Under this view, an action that breaches a contract may also constitute an independent tort if the action breaches an independently-existing tort duty."); *Roop v. Prime Rate Premium Fin. Corp., Inc.*, 710 F. Supp. 3d 1165 (M.D. Fla. 2024) (finding that the independent tort doctrine did not bar tort claim, where the duty for the independent tort originated in a Florida statute); *WP Prop. Holdings I, LLC v. JR&CO.*, Inc., No. 2:24-CV-778-JLB-NPM, 2025 WL 4095853, at *4 (M.D. Fla. July 29, 2025) (analyzing Florida law to find that the independent tort doctrine did not bar a tort claim where the tort claim arose out of a breach of duties imposed by Florida Statute); *Nguyen v. Raymond James & Assocs., Inc.*, No. 8:20-CV-195-CEH-AAS, 2021 WL 6091094, at *8 (M.D. Fla. Dec. 23, 2021) (finding that the tort claims could proceed because they did not depend on the contract between the parties; but rather, industry standards and practices imposed the duty); *George & Co. LLC v. Spin Master Corp,* No. 2:18-CV-154-SPC-MRM, 2018 WL 5268754, at *4 (M.D. Fla. Sept. 13, 2018) (The independent tort doctrine did not bar claims for breach of fiduciary duty where amended complaint pleaded breaches of fiduciary duty that were independent from breaches of the License Agreement, and where the Agreement was not the sole basis for the fiduciary relationship.)

2) Pleading in the Alternative

Pursuant to Federal Rule of Civil Procedure 8(d), litigants in federal court may pursue alternative theories of recovery, regardless of their consistency. *Brookhaven Landscape & Grading Co., Inc. v. J.F. Barton Contracting Co.*, 676 F.2d 516, 523 (11th Cir. 1982). "[I]n order to plead a tort claim in the alternative where a contract governs, the plaintiff must allege at least some tortious conduct independent of the contract; otherwise, the independent tort doctrine bars the claim." *KING AUTO PARTS, LLC, Plaintiff, v. TRUIST BANK, Defendant.*, No. 6:25-CV-2149-AGM-NWH, 2026 WL 2161348, at *2 (M.D. Fla. June 30, 2026).

Here, as discussed *supra*, Ocelot's breach of fiduciary duty action survives as a standalone claim because it involves conduct (i.e., breach of statutorily-imposed duties) that is independent from the alleged breach of the LLC Agreement and Amendment. Hence, because the independent tort doctrine does not bar Ocelot's breach of fiduciary duty claim, Ocelot is permitted to plead breach of fiduciary duty as an alternative to the breach of contract cause of action.

**Count IV – Aiding and Abetting Breach of Fiduciary Duty**

Defendants' rationale for moving to dismiss the Amended Complaint's claim of aiding and abetting breach of fiduciary duty ("aiding and abetting") is two-fold. First, they argue the aiding and abetting claim must be dismissed because the underlying breach of fiduciary duty claim cannot survive, given the independent tort doctrine. Doc. 42 at 8-15. Second, they maintain that the aiding and abetting claim

must be dismissed because it is an illegal attempt to circumvent the corporate veil and impose individual liability on Mr. Peters. *Id.* As an ancillary to its second position, Defendants propose that the intracorporate conspiracy doctrine makes it impossible for Mr. Peters to aid and abet with WestJIC because his actions are one and the same as the actions of WestJIC. *Id.*

Ocelot responds that Mr. Peters cannot invoke the independent tort doctrine, and veil piercing is irrelevant to a tort action. Further, even if the intracorporate conspiracy doctrine applied here, the personal stake exception permits individual liability against Mr. Peters. Doc. 49 at 13-19.

The Court will now address, in turn, each of Defendants' challenges to the aiding and abetting claim.

<u>The Independent Tort Doctrine</u>

As detailed *supra*, the independent tort doctrine does not apply in this case because Ocelot's breach of fiduciary duty claim is premised on a duty imposed by Florida statute. Therefore, because the breach of fiduciary duty claim alleges a breach that is independent from the breach of contract claim, the breach of fiduciary duty claim is permissible. In turn, the Court rejects Defendants' argument that the aiding and abetting claim must be dismissed because the underlying breach of fiduciary duty claim is barred by the independent tort doctrine.

Moreover, Florida's independent tort doctrine requires contractual privity between the parties. *See, e.g.*, *Un2jc Air 1, LLC v. Whittington*, 324 So. 3d 1, 3 (Fla. 4th DCA 2021) ("A plaintiff may not recover in tort for a contract dispute unless the tort

is independent of any breach of contract. This principle only applies, however, to the parties of the contract.") (quotation modified)); *O'Brien v. Wells Fargo Bank, N.A.*, No. 8:25-CV-389-LSG, 2025 WL 3080244, at *2 (M.D. Fla. July 2, 2025) (applying Florida law) ("If a person is in contractual privity with another, to bring a valid tort claim, the party must establish that the tort is independent of any breach of contract…Although a third-party beneficiary may sue to enforce a contract, that person is not a party to the contract and, therefore, not in privity.")(quotation modified).

Here, Mr. Peters is not a party to the LLC Agreement or the Amendment. Therefore, he is not a party to the disputed contract and, in turn, he has no contractual privity with Ocelot to be able to assert that the independent tort doctrine bars a concomitant tort claim. The independent tort doctrine does not prevent Ocelot from asserting a claim of aiding and abetting breach of fiduciary duty against Mr. Peters.

<u>Circumventing the Corporate Veil</u>

> If a director or officer commits or participates in the commission of a tort, whether or not it is also by or for the corporation, he is liable to third persons injured thereby, and it does not matter what liability attaches to the corporation for the tort. A contrary rule would enable a director or officer of a corporation to perpetuate flagrant injuries and escape liability behind the shield of his representative character, even though the corporation might be insolvent or irresponsible.

*Costa Invs., LLC v. Liberty Grande, LLC*, 353 So. 3d 627, 633 (Fla. 4th DCA 2022); *See also Home Loan Corp. v. Aza*, 930 So. 2d 814, 815 (Fla. 3rd DCA 2006).

Plaintiff's Amended Complaint alleges that as WestJIC's sole and managing member, Mr. Peters acts as an agent of WestJIC, is responsible for discharging WestJIC's fiduciary duties to Ocelot, and "necessarily knew" of WestJIC's conduct.

Doc. 8 ¶ 66, 68. The Amended Complaint then specifies that Mr. Peters participated in the following conduct: ceased delivering to Ocelot any of HF Solar's tax documents, refused to amend any tax documents that incorrectly omit Ocelot's membership, and filed an amended annual report that removed any reference to Ocelot or its members. Doc. 8 ¶¶ 23, 32, 33. Additionally, the Amended Complaint details that Mr. Peters breached WestJIC's fiduciary duties by wrongfully asserting that Ocelot has no interest in HF Solar, precluding Ocelot from exercising its membership and participation interests in HF Solar, and funneling Ocelot's participation rights to itself and Mr. Peters. *Id.* ¶ 68. Therefore, the Amended Complaint adequately alleges that Mr. Peters committed a tort, and he is liable to Ocelot, as the allegedly injured party. *See also IdentiRx, LLC v. Pharmaceutical Project Sols., Inc.,* No. 2:25-CV-480-SPC-DNF, 2025 WL 2732852, at *3 (M.D. Fla. Sept. 25, 2025) (using Florida law to reason that a plaintiff properly alleged a tort against a defendant-individual who was acting while employed by the defendant-company).

Also, Defendants contend that the Amended Complaint is not clear as to whether the aiding and abetting claim is pled as an intentional or negligent tort, and because the allegations do not rise to the level of an intentional tort, the claim should be construed as pleading negligence. Doc. 42 at 11-12. And Defendants argue the aiding and abetting claim should be dismissed because the concept of an agent being secondarily liable for an LLC's negligence is contradictory. *Id.* The Court is not persuaded by this argument. First, as outlined *supra*, the Amended Complaint unequivocally alleges intentional conduct, namely that Mr. Peters stated that Ocelot

has no membership interest in HF Solar, prevented Ocelot from exercising its membership interests in HF Solar, refused to provide HF Solar's tax documents to Ocelot, filed an amended annual report that removed Ocelot as a member, and funneled Ocelot's membership interests to himself and WestJIC. *Id.* ¶¶ 23, 32, 33, 68.

Moreover, Defendants have not provided sufficient, relevant authority to show that only an intentional tort is strong enough to pierce the corporate veil. To the contrary, courts have not specified that a tort must be intentional for individual liability to attach to a corporate officer. *See Florida Specialty, Inc. v. H 2 Ology, Inc.,* 742 So. 2d 523, 527 (Fla. 1st DCA 1999) ("The concept of piercing the corporate veil does not apply in the case of a tort, even where an intentional tort has not been alleged.") (quotation modified))*; Costa Invs., LLC v. Liberty Grande, LLC*, 353 So. 3d 627, 633 (Fla. 4th DCA 2022) (concluding that an officer or director—whether or not he was acting for the corporation—is liable for a tort he committed, without specifying that the tort must be intentional).

This Court is aware that a Florida appellate court found that allegations of "passive negligence" by a corporate officer are insufficient to support a tort claim against the officer, and instead, a plaintiff must allege that the corporation's officer or agent was "actively negligent" for individual liability to attach. *Navarro v. Borges*, 388 So. 3d 1044, 1047 (Fla. 3rd DCA 2024). In the instant case, Ocelot does not assert that Mr. Peters was merely passively negligent. As described *supra*, the Amended Complaint contains sufficient accusations of intentional conduct committed by Mr. Peters that resulted in a breach of fiduciary duties owed to Ocelot. *See* Doc. 8 ¶¶ 66-

68. Therefore, there is no requirement for Ocelot to pierce WestJIC's corporate veil in order to assert an aiding and abetting claim against Mr. Peters.

Florida's Intracorporate Conspiracy Doctrine

Defendants concede that no Florida court has addressed whether the intracorporate conspiracy doctrine applies to a claim of aiding and abetting. Doc. 42 at 12. Ocelot argues that even if the intracorporate conspiracy doctrine applies, the personal stake exception would permit the aiding and abetting claim to survive because Mr. Peters acted in his own self-interest. Doc. 49 at 17.

At the current stage of this lawsuit, the Court need not make a determination regarding the applicability of the intracorporate consipiracy doctrine or any exception thereto. Instead, in analyzing a motion to dismiss, the Court is charged with concluding whether the Amended Complaint adequately states a claim of aiding and abetting breach of fiduciary duty. *See* Fed. R. Civ. P. 12*; Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To that end, to state a claim of breach of fiduciary duty under Florida law, a plaintiff must plead facts that establish: 1) a fiduciary duty on the part of a primary wrongdoer; 2) a breach of that fiduciary duty; 3) knowledge of the breach by the alleged aider and abettor; and 4) the aider and abettor's substantial assistance or encouragement of the wrongdoing. *Taubenfeld v. Lasko*, 324 So. 3d 529, 540–41 (Fla. Dist. Ct. App. 2021) (quoting *Fonseca v. Taverna Imps., Inc.,* 212 So. 3d 431, 442 (Fla. 3d DCA 2017)).

Here, the Amended Complaint sufficiently alleges a claim of aiding and abetting breach of fiduciary duty against Mr. Peters. First, the Amended Complaint alleges

WestJIC owes a fiduciary duty to Ocelot, and, in turn, as WestJIC's sole member, managing member, and agent, Mr. Peters is responsible for discharging WestJIC's fiduciary duties to Ocelot. Doc. 8 ¶¶ 64,66. Second, the Amended Complaint alleges Mr. Peters breached WestJIC's fiduciary duties by wrongfully asserting that Ocelot has no interest in HF Solar, precluding Ocelot from exercising its membership and participation interests in HF Solar, and funneling Ocelot's participation rights to WestJIC and Mr. Peters. *Id.* ¶ 68. Third, the Amended Complaint alleges Mr. Peters "necessarily knew" of WestJIC's conduct, and fourth, it alleges that Mr. Peters, himself, "effected" the complained-of conduct. *Id.* Therefore, at this stage of the litigation and given that the Amended Complaint adequately pleads a claim of aiding and abetting breach of fiduciary duty, the Court will permit the claim to proceed.

In conclusion, the breach of contract claim (Count II) does not bar the breach of fiduciary duty claim (Count III) because the breach of contract claim is based on the allegation that WestJIC breached the LLC Agreement and Amendment. The breach of fiduciary duty claim is based on an alleged breach of duties imposed by Florida law. Moreover, the aiding and abetting breach of fiduciary duty claim (Count IV) may proceed because there is no requirement that Ocelot pierce WestJIC's corporate veil, and the Amended Complaint adequately pleads a charge of aiding and abetting breach of fiduciary duty.

Accordingly, it is **ORDERED**:

1. Defendant WestJIC, LLC, Defendant Halton Peters, and Nominal Defendant HF Solar I, LLC's Motion to Dismiss Amended Complaint in Part (Doc. 42) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on September 24, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any